UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOY MARIE METCALF | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-06-25-B-W |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON STATE OF MAINE'S MOTION TO REMAND TO STATE COURT**

As the best defense can sometimes be an aggressive offense, upon indictment in state court by the state of Maine for tax evasion, Joy Marie Metcalf, acting *pro se*, filed a notice of removal in this Court, naming the United States as respondent and seeking federal protection from the state criminal charges on a variety of constitutional and statutory theories. In response, the state of Maine moved to remand the case to state court. As this Court does not have jurisdiction over a state criminal proceeding that a defendant has attempted to remove under the provisions of civil law, this Court GRANTS the state's motion to remand (Docket # 2).

**I. Statement of Facts**

In November of 2005, a Grand Jury of the state of Maine returned an indictment against Joy Marie Metcalf for ten counts of income tax evasion, triggering criminal proceedings against her in Waldo County Superior Court. *Indictment* (Docket # 1 – Exh. I). Ms. Metcalf filed a Notice of Removal in the United States District Court for the District of Maine in February of 2006, naming only the United States as Defendant. *Notice of Removal* (Docket #1).

On March 14, 2006, the state of Maine filed a Motion to Remand to State Court, (Docket # 2), claiming that Ms. Metcalf's attempted removal of the pending state criminal case was improper. *Mot. to Remand to State Court* (Docket # 2). In response, Plaintiff, pointing out that the state of Maine was not actually named as Defendant in her chosen action, filed a motion to strike the state's motion to remand along with a motion for sanctions. *Pro Se Mot. to Strike Mot. to Remand to State Court, Pro Se Mot. for Sanctions* (Docket # 3). Magistrate Judge Kravchuk denied Ms. Metcalf's motion on the ground that the state "is obviously a party in interest" and deserved to have its motion to remand decided on its merits. *Order* (Docket # 5).

## II. Discussion

Ms. Metcalf asserts that "this action is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is one which may be removed to this Court by Petitioner pursuant to the provisions of 28 U.S.C. § 1443 and 1446…" *Notice of Removal* at ¶ 20. Neither statute is applicable here. Section 1331 grants the district courts original jurisdiction of all <u>civil</u> actions "arising under the Constitution, laws, or treaties of the United States". *Id.* The <u>criminal</u> proceedings against Ms. Metcalf, however, arose under the laws of Maine, specifically 36 M.R.S.A. § 184-A and 36 M.R.S.A. § 5333. *Indictment.*

Section 1443 governs civil rights prosecutions. To gain removal under this provision, Plaintiff must show that the right allegedly denied her arises under a federal law providing for specific civil rights and that she has been denied or cannot enforce the specified federal rights in the courts of the state. *See id. See also Johnson v. Mississippi,* 421 U.S. 213, 219 (1975). This latter provision normally requires that the denial "be

manifest in a formal expression of state law". *Johnson,* 421 U.S. at 219 (citing *Georgia v. Rachel,* 384 U.S. 780, 803 (1966)). Furthermore, the United States Supreme Court has made it clear that this statute is limited to race-based denials of rights. *See Rachel,* 384 U.S. at 792. *See also Rudnicki v. Almeida,* No. 91-1059, 1991 U.S. App. LEXIS 13524, *4 (1st Cir. June 7, 1991); *Peltier v. Peltier,* 548 F.2d 1083, 1084 (1st Cir. 1977). Ms. Metcalf has made no showing that she is relying on any right dealing with racial equality or that she cannot enforce this right in Waldo County Superior Court due to some "formal expression" of Maine law.

Neither of Plaintiff's bases for the assertion of jurisdiction withstands scrutiny, and there has been no showing of any other basis on which to anchor an exercise of federal jurisdiction. Under 28 U.S.C. 1447(c), if the Court discovers before final judgment that it lacks subject matter jurisdiction, the case must be remanded. *See id.; Mills v. Harmon Law Offices, P.C.,* 344 F.3d 42, 45-46 (1st Cir. 2003).

### III. Conclusion

This Court GRANTS the state of Maine's Motion to Remand to State Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2006